Dorothy **GAUTREAUX, et al., Plaintiffs,**

v.

**Samuel R. PIERCE, Secretary of Housing and Urban Development, et al., Defendants.**

**Nos. 66 C 1459, 66 C 1460.**

United States District Court, N.D. Illinois, E.D.

March 14, 1984.

Order Affirmed Sept. 7, 1984.

## MEMORANDUM ORDER

ASPEN, District Judge:

Counsel for the plaintiffs, the United States Department of Housing and Urban Development ("HUD"), and the developers of the Academy Square housing project ("the developers") have worked together to devise an affirmative marketing plan for the Academy Square project. Presently

before the Court is the motion of intervenors William Lavicka ("Lavicka") and Barbara Piegare ("Piegare") requesting an injunction to prevent HUD and the developers from implementing the marketing plan and to require the substitution of a marketing and tenant selection plan which includes racial quotas. For the reasons set forth below, their motion is denied.

We allowed Lavicka and Piegare to intervene herein on August 20, 1982, "for the limited purpose of requesting that the Court determine whether or not HUD's involvement with the Academy Square development is or is not precluded by the terms of the consent decree." *Gautreaux v. Pierce*, 548 F.Supp. 1284, 1287 (N.D.Ill. 1982), *aff'd*, 707 F.2d 265 (7th Cir.1983). After reviewing substantial materials submitted by the parties—including the intervenors—we determined that HUD's approval of the location of the Academy Square project was proper. *Id.* at 1288. Therefore, the limited purpose for which intervention was granted has been served. Nonetheless, the Court has permitted intervenors to monitor the legal proceedings involving Academy Square and has ordered that they be kept advised as to the implementation by the parties of the Court's orders herein. However, intervenors have not been afforded the status of general overseers of the Academy Square project.

Lavicka and Piegare now seek additional relief which exceeds the limitations placed on their intervention. We decline to grant such relief. They thus have no standing to challenge the details of the proposed marketing plan, and their motion for injunctive relief must be denied.[1]

Even if Lavicka and Piegare were allowed to intervene without limitation in this case, they would not be entitled to the relief they seek. The Court's present role in this matter is to supervise the administration of the consent decree entered between plaintiffs and HUD on July 16, 1981. Nothing in the consent decree requires this Court to approve or reject proposed marketing plans for housing projects.[2] We will not shirk our full responsibilities as set forth in the consent decree. However, where not expressly provided by the consent decree, reviewing the day-to-day managerial and administrative decisions of others charged with implementing the decree is not one of these responsibilities. We decline to assume without such express authority functions that belong to others.

Although intervenors take great pains to avoid the words "racial quotas," quotas are precisely what they want to add to the Academy Square tenant selection system. HUD and the developers, while sympathetic to the intervenors' interests, argue that the use of quotas is disfavored—if not proscribed—by the Constitution, federal statutes and HUD regulations. In denying intervenors' motion, this Court does not necessarily adopt HUD's position. The propriety of quotas in various situations remains an open question; nothing in the law completely forecloses their use. *See, e.g., United Steelworkers of America, AFL–CIO–CLC v. Weber*, 443 U.S. 193, 99 S.Ct. 2721, 61 L.Ed.2d 480 (1979). It is therefore possible that the parties in this case might legally agree to use reasonable quotas, if such quotas advanced the purposes of the consent decree and integration generally.

Finally, the Court notes that it does not share intervenors' pessimistic view that the proposed marketing plan will fail to produce an integrated occupancy at Academy Square. We have met with all the parties in this case and believe that they are sincerely committed in their efforts to con-

---

1. Indeed, at least one member of the Seventh Circuit Court of Appeals believes that Lavicka and Piegare had no right to intervene in this case at all. Judge Posner has stated that because intervenors were neither parties to the consent decree nor third-party beneficiaries, "they have no standing to complain that its terms are being violated." *Gautreaux v. Pierce,*

707 F.2d 265, 272 (7th Cir.1983) (Posner, J., concurring).

2. For this reason, HUD's request that the Court approve adoption and implementation of the proposed Academy Square marketing plan is also denied.

form to both the letter and the spirit of the consent decree. With these good faith efforts of everyone involved, a truly integrated Academy Square project is in fact possible.

---

Accordingly, intervenors' motion for injunctive and other relief is denied. It is so ordered.